[No. 6654. Decided September 7, 1907.]

MARY AGNES McCLELLAN, *Appellant*, v. THOMAS G. W. O'CONNOR, *Respondent*.[1]

CANCELLATION OF INSTRUMENTS—FRAUD—EVIDENCE—SUFFICIENCY. A deed made by a mother to her son, who supported her, will not be set aside as procured by fraud and undue influence, at the suit of a daughter, where it appears that the mother and daughter were estranged, that the deed was made voluntarily seven years before the mother's death, while in complete possession of her faculties, and for the purpose of preventing the daughter from obtaining any share thereof.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered July 21, 1906, upon findings in favor of the defendant, dismissing an action for the cancellation of a deed, after a trial on the merits before the court without a jury. Affirmed.

*Sol. Smith,* for appellant.

*Welsh & Welsh,* for respondent.

[1]Reported in 91 Pac. 562.

Crow, J.—The plaintiff, Mary Agnes McClellan, brought this action against her brother, Thomas G. W. O'Connor, to cancel and set aside a deed executed by one Mary O'Connor, a widow, the mother of plaintiff and defendant, to recover the title to, and possession of, one-half of the realty thereby conveyed, and to also recover certain personal property. From a decree quieting the title of the defendant and refusing to cancel the deed, the plaintiff has appealed.

The evidence shows that on April 5, 1898, one William O'Connor, a single man, brother of appellant and respondent, died intestate; that certain land in Pacific county, of which he died seized, descended to his mother, Mary O'Connor; that on November 1, 1898, Mary O'Connor by quitclaim deed conveyed the land to the respondent, Thomas G. W. O'Connor; and that thereafter, on October 27, 1903, Mary O'Connor died intestate. On November 27th, 1905, more than seven years after the execution of the deed, and more than two years after the death of Mary O'Connor, the appellant, Mary Agnes McClellan, instituted this action, alleging that the respondent had procured the execution of the deed by fraud and misrepresentation; that Mary O'Connor, the grantor, was without business capacity; that she did not know what she was doing; that the deed was without consideration; that the land therein described still belonged to her estate; and that the appellant, as her heir at law, was entitled to a one-half interest therein. Appellant demanded that the deed be cancelled and set aside, and that she be awarded an undivided one-half interest in the land.

The trial court found that the deed was the valid and voluntary act of Mary O'Connor, that she was of sound mind, and that she intended to convey all of the realty to the respondent. Although many assignments of error have been presented and numerous points are discussed in the briefs, the one controlling question on this appeal is whether the findings are sustained by the evidence. Having carefully examined and weighed all of the evidence, we conclude that they

are supported by its clear preponderance.    The appellant, by two marriages, both contracted against the opposition of her parents then living, had become estranged from them. She had been divorced from her first husband, and the evidence shows that her mother determined that neither she nor her second husband should receive any of the land, that Mary O'Connor voluntarily executed and delivered the deed to her son, the respondent, with whom she lived, and by whom her support was provided, and that she was at the time in complete possession of all her faculties, being of sound mind. There is an utter failure of competent evidence tending to show any fraud on the part of the respondent, or that he overreached his mother in any manner.    No good purpose would be accomplished by discussing the evidence in detail. It is sufficient to state that it clearly sustains the findings made by the trial court, and the final decree entered.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, MOUNT, and DUNBAR, JJ., concur.